11 CIV 9003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN BARRY, on behalf of himself and all others similarly situated,

Plaintiff,

– against –

THE CITY OF NEW YORK,

Defendant.

---

11 Civ. _____
ECF Case

COMPLAINT

JURY DEMAND

DEC. 9 2011
U.S.D.C. S.D. N.Y.
CASHIER

## INTRODUCTION

1.      This is a putative collective action brought under the Fair Labor Standards Act ("FLSA"), brought in response to an employer's persistent, widespread refusal to pay employees overtime wages owed.

2.      The defendant employer has acknowledged that its overtime practices violated the law, and that plaintiff John Barry, as well as other similarly situated employees, should be paid for certain hours of overtime worked. To this day, though, defendant has failed to pay him for those hours. This deliberate, willful refusal to pay overtime is exactly what is prohibited by the FLSA.

3.      What is even more remarkable about this case is that the employer is the City of New York, and the employees to whom it is refusing to pay overtime rightfully earned are New York Police Department Detectives, including plaintiff John Barry, for work in the line of duty protecting the people of New York City.

4.      Under the FLSA, public law enforcement agencies may compensate employees for overtime in the form of compensatory time (or "comp time") – but subject to certain limitations. Most notably, there is a cap of 480 hours on such comp time; any and all other overtime *must* be compensated for in cash equal to one-and-a-half times the

1

employee's regular wage.

5.     Despite this plain rule, Defendant has failed to pay Plaintiff Barry and similarly situated Detectives for overtime hours worked in excess of this 480 hour cap, even after acknowledging that it was legally required to, and instead unlawfully credited it to comp time.

6.     Accordingly, Plaintiff brings this FLSA collective action on behalf of himself and on behalf of all individuals employed as Detectives by Defendant within the statute of limitations who were compensated for overtime work in the form of comp time in excess of 480 hours ("the Collective Plaintiffs").

## JURISDICTION AND VENUE

7.     This Court has original jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

8.     Pursuant to 28 U.S.C. §§ 1391(b) and (c), venue is appropriate in the Southern District of New York as the acts complained of occurred within the District, and the Defendant's principal place of business lies within the District.

## DEMAND FOR JURY TRIAL

9.     The Named Plaintiff, on behalf of himself and the Collective Plaintiffs, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.

## PARTIES

10.     Defendant City of New York ("the City" or "Defendant") is a municipal corporation which, through the New York Police Department ("NYPD"), employs individuals in the position of Detective as law enforcement officers.  The City is a public

agency within the meaning of the FLSA, 29 U.S.C. § 203(x).

11.     Plaintiff John Barry is a New York resident and was employed by Defendant from October 1990 through his retirement on August 30, 2011.  His active service concluded in August 2009.  He was initially employed by the NYPD as a Police Officer, and was promoted to Detective in March 1998.  At all times relevant to this action, Plaintiff has been an "employee" within the meaning of the FLSA, 29 U.S.C.§ 203(e)(1).

## FACTS

*The Statutory Framework*

12.     The Fair Labor Standards Act requires that non-exempt employees be paid "at a rate not less than one and one-half times the regular rate at which [they are] employed" for work in excess of forty hours per workweek.  29 U.S.C. § 207(a)(1).  This rule applies to public law enforcement employees who have worked more than 171 hours in a 28 consecutive day work period, or in the case of such employees who have worked at least 7 but less than 28 days in a work period, employees who worked more than the number of hours which bears the same ratio to the number of consecutive days in his work period as 171 hours bears to 28 days.  29 U.S.C. § 207(k); 29 C.F.R. § 553.201(a).

13.     Pursuant to 29 U.S.C. § 207(o), certain public employers may, in lieu of overtime compensation, provide employees with "compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required" by 29 U.S.C. § 207 (referred to as "comp time").

14.     An employer may only pay comp time in lieu of wages where the employee has agreed to such a system of compensation, either individually or via

collective bargaining, 29 U.S.C. § 207(o)(2)(A), *and* "if the employee has not accrued

compensatory time in excess of the limit applicable to the employee prescribed by [29

U.S.C. § 207(o)(3)]," 29 U.S.C. § 207(o)(2)(B).

15.     Where the employee's overtime has included work in a public safety or

emergency response activity, the employee engaged in such work may accrue not more

than 480 hours of compensatory time for hours worked after April 15, 1986, 29 U.S.C. §

207(o)(3)(A).  Once an employee in this category – as are all members of the putative

collective class – has accrued 480 hours of compensatory time for hours worked after

April 15, 1986, he or she "shall, for additional overtime hours of work, be paid overtime

compensation" in cash.  *Id.*

16.     Overtime compensation "may not be delayed for a period longer than is

reasonably necessary for the employer to compute and arrange for payment of the amount

due and in no event may payment be delayed beyond the next payday after such

computation can be made."  29 C.F.R. § 778.106.

***The NYPD's Willful Violations of the FLSA***

17.     Throughout the limitations period, while working as Detectives employed

by the City of New York, Plaintiff Barry and other putative Collective Plaintiffs have

each regularly worked in excess of 40 hours per week, including many occasions in

which they have worked in excess of 43 hours per week, 86 hours in a biweekly pay

period, and 171 hours in a 28 day period.

18.     Plaintiff Barry and each putative Collective Plaintiff were and are entitled

to overtime pay at the rate of one and one-half times their regular rates of pay for all

hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a) and

(k).

19.      At all relevant times hereto, the City and the Detectives' Endowment

Association of the City of New York, Inc. ("the DEA") were parties to a collective

bargaining agreement or agreements ("the CBA") which allowed overtime in excess of

40 hours in any week to be compensated for either by cash payment or compensatory

time off, at the rate of time and one-half, at the sole option of the employee.

20.      This provision, though, remained subject to the 480 hour cap on comp

time, set forth in 29 U.S.C. § 207(o)(3)(A), as recognized by the NYPD's Administrative

Guide Procedure 320-41, entitled "Guidelines for Members of the Service Governed by

the Fair Labor Standards Act (FLSA)."

21.      At all relevant times hereto, the NYPD had a policy and practice by which

it imposed a limit on the amount of cash overtime it would pay each of its employees,

including the Collective Plaintiffs, per month ("the cash limit").

22.      Despite the language in the CBA, the City would not compensate any

overtime work over this limit in cash, but rather only in comp time.

23.      Despite being aware of this statutorily-mandated cap on comp time, the

City imposed, implemented, and enforced a regular policy and practice of disregarding

this cap, and crediting all overtime exceeding the cash limit to comp time, even where, as

in the case of Plaintiff Barry and the Collective Plaintiffs, the employees had already

accrued more than 480 hours of compensatory time after April 15, 1986.  This conduct

flatly violates the FLSA.

24.     In approximately 2001, Plaintiff Barry was told that he had reached the 480 hour comp time limit.  He was instructed he would be required to continue to work overtime.

25.     At the times relevant to this action, the cash limit Defendant imposed on Plaintiff Barry was 45 overtime hours a month.  Plaintiff Barry regularly was required to work more than 45 overtime hours a month.  Even though he had exceeded the 480 hour comp time limit, he was not paid cash for overtime hours worked in excess of 45 and rather was solely credited with comp time.

26.     The City has been aware that its conduct violated the law, as evidenced through regular communications from high level NYPD employees, including those in the NYPD's Leave Integrity Management Section, who expressly acknowledged that cash overtime is required to be paid for work above the statutory cap.

27.     Notwithstanding these express acknowledgments of the law and their duties, the City continued its policy of refusing to pay Plaintiff Barry and the other Collective Plaintiffs, for their overtime above the statutory cap, and instead continued to credit overtime to compensatory time.

28.     As of his conclusion of active service in August 2009, Plaintiff Barry had accrued 4,663 hours and 22 minutes in overtime, subject to FLSA, for which he was not paid overtime wages.

29.      Defendant has been able to compute and arrange for payment of overtime due within weeks of the performance of overtime work, given the submission of daily overtime reports by each Detective.

30.     On information and belief, Defendant has computed the amount of

overtime due for each of the Collective Plaintiffs, though it has still not paid them.

***The City's Campaign of Resistance***

31.     Beginning on or before August 2009, Plaintiff Barry made several requests that he be paid cash for the overtime hours that were credited to comp time in excess of 480 hours.

32.     In March 2010, the DEA filed a grievance with Defendant, on behalf of Plaintiff and all other Detectives who had accrued more than 480 hours of overtime and had not been compensated in cash, as well as future Detectives who might reach the 480 hour cap.  This grievance was rejected on January 5, 2011.

33.     The DEA filed a successive grievance seeking the same relief on January 19, 2011.  That grievance was approved on February 9, 2011, but NYPD Deputy Commissioner John Beirne indicated that "cash payments for the FLSA time in excess of 480 hours" would not be made until on or about May 13, 2011, after Defendant could conduct audits of the records of each affected employee.

34.     But as of the filing of this complaint, Plaintiff Barry has *still* not received any such payment.

35.     The City told Plaintiff Barry and, on information and belief, all Collective Plaintiffs that it will not pay any overtime until after an employee has retired, and then in a lump-sum payment.

36.     On information and belief, the City's failure to timely pay these wages will cause the Collective Plaintiffs' pensions to be massively undervalued.

37.     On information and belief, each of the other Collective Plaintiffs have likewise not been paid for overtime hours worked that were credited to comp time in

excess of 480 hours.

## FLSA COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff brings his Claim for Relief as a collective action pursuant to

FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of himself and on behalf of all

individuals employed as Detectives by Defendant within the statute of limitations who

have not been paid for overtime hours worked that were credited to comp time in excess

of 480 hours ("the Collective Plaintiffs").

39.     At all relevant times, the Plaintiff Barry and the Collective Plaintiffs are

and have been similarly situated, have had substantially similar job requirements and pay

provisions, have been subject to the same collective bargaining agreement(s), and have

been subject to Defendant's decisions, plans, policies, programs, practices, procedures,

protocols, routines, and rules willfully failing and refusing to pay them at the legally

required time and a half rates for work in excess of forty (40) hours per workweek

beyond the 480 hour comp time cap in a timely manner.

40.     This suit is properly brought under and maintained as an opt-in collective

action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The Collective Plaintiffs are

readily ascertainable.  For purpose of notice and other purposes related to this action,

their names and addresses are readily available from the Defendant.  Notice can be

provided to the Collective Plaintiffs via first class mail to the last address known to

Defendant.

41.     The precise number of Collective Plaintiffs is not known at this time, as it

is solely within Defendant's knowledge and control.  As of December 31, 2010, there

were 5,177 Detectives employed by Defendant serving in the NYPD.  On information

and belief, the portion of this group that would qualify as Collective Plaintiffs is
sufficiently large, such that individual actions would be impractical.

**FIRST CLAIM FOR RELIEF**
**AGAINST DEFENDANT CITY**
**FOR VIOLATION OF 29 U.S.C. §§ 207(a),(k), and (o)**

42.     Paragraphs 1 – 30 are realleged and incorporated by reference herein.

43.     Throughout the statute of limitations period, Plaintiff Barry and the
Collective Plaintiffs have been and continue to be required by Defendant to work more
than 8 hours in a day and in excess of the hourly standards for overtime compensation set
forth under 29 U.S.C. § 207(a) and (k).

44.     These hours have totaled more than 480 hours, yet Defendant has not
compensated the Collective Plaintiffs for their overtime work exceeding the cash limit,
except as to provide comp time credit.

45.     By only providing comp time credit to the Collective Plaintiffs, who have
already accrued in excess of 480 hours of comp time, the City has denied them the rights
and protections provided under the FLSA, 29 U.S.C. § 207(o).

46.     At all relevant times, Defendant operated under and continues to operate
under a decision, policy and plan, and under common policies, programs, practices,
procedures, protocols, routines and rules of willfully failing and refusing to pay Barry
and the other Collective Plaintiffs at time and a half rates for overtime work exceeding
the cash limit.

47.     By failing to pay the Collective Plaintiffs for their overtime work
exceeding the cash limit, despite their knowledge that the Collective Plaintiffs had
worked overtime in excess of 480 hours and were required to be paid in cash for at least

9

three years, Defendant has violated and is continuing to willfully and intentionally violate the provisions of the FLSA.

     48.    Plaintiff Barry and the Collective Plaintiffs seek damages in the amount of their respective unpaid and/or untimely overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

     WHEREFORE, Plaintiff John Barry on behalf of himself and the other Collective Plaintiffs, prays for relief as follows:

    A.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    B.    Certification of the action as a collective action brought pursuant to FLSA § 216(b) on behalf of all Collective Plaintiffs;

    C.    An Order that the Defendant engage in a complete and accurate accounting of all compensation to which the Collective Plaintiffs are entitled;

    D.    An award of damages, according to proof, including unpaid overtime compensation and liquidated damages, to be paid by Defendant;

    E.    Costs of action incurred herein;

    F.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

    G.    Pre-Judgment and post-judgment interest, as provided by law; and

    H.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: December 9, 2011
      New York, New York

                    Respectfully submitted,

                    EMERY CELLI BRINCKERHOFF
                        & ABADY LLP

                    By:_____

                    Andrew G. Celli, Jr.
                    Matthew D. Brinckerhoff
                    Elizabeth S. Saylor
                    Adam R. Pulver

                    75 Rockefeller Plaza, 20th Fl.
                    New York, New York 10019
                    Tel.: (212) 763-5000
                    Fax: (212) 763-5001