UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JOHN BARRY, on behalf of himself and all others similarly
situated,

                                        Plaintiffs,                         No. 11 Civ. 9003 (SAS)

        -against-

THE CITY OF NEW YORK,

                                        Defendant.

-------------------------------------------------------------------x

## AGREED ORDER OF DISMISSAL WITH PREJUDICE

        This collective action having come before the Court upon the joint request of
Plaintiffs and Defendant, the Court having been advised of and considered the February 14, 2013
Settlement Agreement and Release entered into by and among Plaintiffs and Defendant that has
resulted from the parties' negotiations, and, upon the joint application of Plaintiffs and
Defendant, by their attorneys, seeking review and approval by the Court thereof, and the entire
record therein, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

        The Court approved the Settlement Agreement and Release on April 24, 2013 for
the reasons stated on the record.  The Court recognizes that there has been and there is no
admission of liability by Defendant, same being expressly denied, but approved the Settlement
Agreement and Release as it reflects a fair, reasonable, and appropriate compromise deemed in
the best interest of the parties thereto, and in accordance with law.  This Order incorporates the
terms of the Settlement Agreement and Release, which is attached as Exhibit A hereto.

The Court also approves the Stipulation of Settlement and Discontinuance of James P. Fogarty's Claims dated May 17, 2013, which is attached as Exhibit B hereto.[1] The Court recognizes that there has been and there is no admission of liability by Defendant, same being expressly denied, but approves the Stipulation of Settlement and Discontinuance of James P. Fogarty's Claims as it reflects a fair, reasonable, and appropriate compromise deemed in the best interest of the parties thereto, and in accordance with law. This Order incorporates the terms of the Stipulation of Settlement and Discontinuance of James P. Fogarty's Claims.

The Court further approves the Settlement Agreement and Release dated June 5, 2013 for reasonable attorneys fees. This Order incorporates the terms of the Settlement Agreement and Release for attorneys fees, which is attached as Exhibit C hereto.

Consistent with the Settlement Agreement and Release and the Stipulation of Settlement and Discontinuance of James P. Fogarty's Claims, these actions are hereby dismissed with respect to the Plaintiffs, with prejudice. The Court will retain jurisdiction over the implementation of the Settlement Agreement and Release, the Stipulation of Settlement and Discontinuance of James P. Fogarty's Claims, and the Settlement Agreement and Release for attorneys fees.

Dated: New York, New York
     June 11, 2013

                      HONORABLE SHIRA A. SCHEINDLIN
                      UNITED STATES DISTRICT JUDGE

---

1     As set forth in the Stipulation of Settlement and Discontinuance of James P. Fogarty's Claims, Mr. Fogarty's Consent to Join form was not submitted to the Court along with those of the other plaintiffs due to an administrative error. Mr. Fogarty and the City of New York agree to be bound by all of the terms and conditions set forth in the Settlement Agreement executed on February 14, 2013 and approved by the Court on April 24, 2013. *See* Exhibit B, attached hereto.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JOHN BARRY, on behalf of himself and all others similarly
situated,

                                        Plaintiffs,                     No. 11 Civ. 9003 (SAS)

          -against-
                                                                 **SETTLEMENT AGREEMENT**
                                                                       **AND RELEASE**
THE CITY OF NEW YORK,

                                        Defendant.

-------------------------------------------------------------------x

        This Settlement Agreement and Release ("Agreement"), is hereby entered into by

and between John Barry ("Named Plaintiff") and the individuals who have opted into this action

pursuant to 29 U.S.C. § 216(b) ("Opt-In Plaintiffs") (collectively referred to herein as

"Plaintiffs"), and the City of New York on behalf of itself and all New York City departments,

commissions, agencies, related entities, predecessors, successors, trustees, officers, directors and

employees, agents, employee benefit plans and the trustees, administrators, and fiduciaries of

such plans (hereinafter collectively referred to as "Defendant"), and is based on the following:

I.      **RECITALS**

        WHEREAS, on December 9, 2011, the Named Plaintiff filed a collective action

complaint against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA"), alleging that Defendant failed to pay, or failed to timely pay to the Named Plaintiff

and to all other individuals who purportedly are or were similarly situated to the Named Plaintiff

during the relevant time period for certain overtime hours worked in excess of 480 hours of

compensatory time in cash, as required by law;

        WHEREAS, subsequent to the commencement of this action, in January 2012,

Defendant claims to have paid any and all unpaid wages owed to the Named Plaintiff and other

affected individuals due to the Defendant's alleged failure to pay in cash overtime hours worked

in excess of 480 hours of compensatory time.  This Agreement does not provide for the payment of back wages but only for the payment of liquidated damages;

WHEREAS, notice pursuant to 29 U.S.C. § 216(b) was sent to certain persons who were currently or formerly employed by Defendant as a Detective between January 1, 2008 and the mailing of such notices on June 12, 2012 and June 29, 2012;

WHEREAS, in addition to the Named Plaintiff, 30 individuals joined the case as Opt-In Plaintiffs by filing with the Court consent forms to join the case, and the consent forms specifically designated Emery Celli Brinckerhoff & Abady LLP to represent them;

WHEREAS, Defendant denies and continues to deny all of the allegations made by the Named Plaintiff in the Litigation, whether on behalf of himself or the Opt-In Plaintiffs, and denies and continues to deny that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, Plaintiffs and Defendant (hereinafter collectively referred to as the "Parties") have agreed to settle the matters in dispute between and among them pursuant to the terms of this Agreement.  Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of the Plaintiffs' claims with prejudice.  The Parties have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests; and

WHEREAS, the Parties, through their counsel, will seek judicial approval of this Agreement.  In the event the proposed settlement contained in this Agreement does not become effective in accordance with the terms hereof, is not finally approved, is terminated, cancelled or fails to become effective for any reason, this Agreement will no longer have any effect and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement:

2

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## I.    DEFINITIONS

The terms set forth below shall be defined as follows:

**1.1    Plaintiffs.** "Named Plaintiff" shall mean JOHN BARRY.  "Opt-In Plaintiffs" shall mean the thirty (30) individuals who consented to join this action pursuant to Section 16(b) of the FLSA, a list of whom is appended hereto as Exhibit "A."  Named Plaintiff and Opt-in Plaintiffs shall be referred to collectively as "Plaintiffs."

**1.2    Plaintiffs' Counsel.** "Plaintiffs' Counsel" shall mean Emery Celli Brinckerhoff & Abady LLP, 75 Rockefeller Plaza, 20th Floor, New York, New York 10019, by Andrew G. Celli, Jr., Elizabeth S. Saylor, and Adam R. Pulver.

**1.3    Defendant.** "Defendant" shall mean THE CITY OF NEW YORK on behalf of itself and all New York City departments, commissions, agencies, related entities, predecessors, successors, trustees, officers, directors and employees, agents, employee benefit plans and the trustees, administrators, and fiduciaries of such plans (collectively referred to as "Defendant").

**1.4    Defendant's Counsel.** "Defendant's Counsel" shall mean Michael A. Cardozo, Corporation Counsel of the City of New York, by Senior Counsel Diana Goell Voigt, Blanche Greenfield, and William Ng, 100 Church Street, 2nd Floor, New York, New York 10007.

**1.5    Parties.** "Parties" shall mean and refer to the Named Plaintiff, the Opt-In Plaintiffs, and Defendant.

**1.6    The Litigation.** "The Litigation" shall refer to the lawsuit known as *John Barry v. The City of New York*, No. 11 Civ. 9003 (SAS) (S.D.N.Y.).

3

**1.7**   **Negotiated Settlement Amount.**  "Negotiated Settlement Amount" shall mean the total of Two Hundred Thirty Two Thousand Five Hundred Dollars ($232,500.00).

**1.8**   **Release of Claims.**

Plaintiffs for themselves, attorneys (if any), agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), voluntarily and with the advice of counsel, fully and forever release, acquit, and discharge Defendant, its present or former officers, directors, subsidiaries, affiliates, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, successors and assigns, and any or all of them and all persons acting by, through, under, or in concert with any of them (collectively, the "Releasee"), in their personal, individual, official and/or corporate capacities, from any and all claims, asserted in this lawsuit arising up to and including the date of the execution of this Agreement for the time period Plaintiffs were employed as detectives by the City of New York ("Released Claims").  The Released Claims, however, do *not* include the grievance and request for arbitration filed by the Detective Endowment Association of the City of New York ("DEA") on or about March 3, 2010, OLR #2010-00156 and Docket No. A-14097-12, concerning claims pursuant to the Collective Bargaining Agreement by and between the DEA and the City of New York, alleging that certain detectives, including certain of the Plaintiffs herein, were not paid the correct amount of overtime compensation for overtime hours worked in excess of the FLSA compensatory time cap of 480 hours.  The Plaintiffs, as individual litigants, however, are barred from filing a state or federal lawsuit seeking additional overtime compensation and/or liquidated damages arising from that arbitration, and any overtime compensation that may be awarded herefrom, but Plaintiffs may be participants in any proceeding brought by the DEA concerning that arbitration.

**1.9**   **Settlement.**  "Settlement" shall mean the terms of settlement of the Litigation, which is embodied fully in this Agreement.

4

**1.10    Individual Settlement Benefit.** Each Plaintiff shall receive an Individual Settlement Benefit to be paid from the Negotiated Settlement Amount, reflecting an amount of liquidated damages, unless he or she refuses to execute a release as set forth in paragraph 1.11 below. The amount of liquidated damages, payable as an Individual Settlement Benefit, has been determined by Plaintiffs' counsel and is set forth in Exhibit A. Defendant may deduct from an individual Plaintiff's Individual Settlement Benefit the amount that Defendant determines that Plaintiff owes for child support and/or tax liens or a lien filed as a judgment.

**1.11**    If any Plaintiff refuses to submit a signed Opt-In Plaintiff's Release of Wage and Hour Claims Form (as defined below), that Plaintiffs' Individual Settlement Benefit, as indicated on Exhibit A, shall revert to Defendant. That Plaintiffs' claims shall be dismissed without prejudice and the statute of limitations on that Plaintiffs' claims shall remain tolled for sixty ("60") days from the date of the dismissal. Plaintiffs' counsel shall promptly advise Defendant's counsel no later than thirty (30) days after the Court approves this Agreement of the identity of any Plaintiffs who will not execute a release.

## II.    PAYMENT AND DISTRIBUTION

**2.1**    In consideration for the terms, conditions and promises in this Agreement, Defendant shall, in accordance with paragraphs 2.2 and 2.3, pay or cause to be paid to Plaintiffs Two Hundred Thirty-Two Thousand Five Hundred Dollars ($232,500.00) less any deductions made from an individual Plaintiff's Individual Settlement Benefit for any child support and/or tax liens or a lien filed as a judgment against that particular Plaintiff and less any reversions due to paragraph 1.11 to resolve all claims asserted in this case ("the Payment Amount"). The Payment Amount is agreed to among the Parties to compromise, settle, and satisfy the Released Claims and liquidated damages related to the Released Claims.

**2.2**    Within thirty (30) days of the date that the Court enters an Order finally approving this Agreement, the Plaintiffs shall tender, by overnight mail, e-mail attachment or hand-

delivery, to Defendant's attorney, a release executed by each Plaintiff (a copy of which is contained in Exhibit "B"). Defendant shall make best efforts to issue payment, within ninety calendar days (90) of the date on which Defendant receives all executed releases and confirmation by Plaintiffs' counsel of the Plaintiffs who will not execute releases, by providing a check for the Payment Amount to Plaintiffs' law firm, Emery Celli Brinckerhoff & Abady LLP, as specified in paragraph 2.1. Should Defendant fail to tender payment within ninety days (90) days of the date of tender of the paperwork described in this paragraph, interest shall accrue on whatever amount that remains unpaid, in accordance with NY CPLR § 5003 from the date of tender until the date that payment is made.

      **2.3**     The Defendant shall pay to Plaintiffs' counsel Plaintiffs' reasonable attorneys' fees and costs, in addition to the Payment Amount set forth in paragraph 2.1. The Parties are negotiating a resolution of the amount of Plaintiffs' claim for attorneys' fees and expenses. Plaintiffs will provide Defendant with a copy of their contemporaneous records documenting their fees and costs within 14 days of the execution by both Parties of this Agreement to assist the Parties in attempting to resolve the amount of reasonable attorneys' fees and costs that the Defendant will agree to pay. In the event an agreement is reached, Defendant shall provide Plaintiffs' counsel with a separate check payable to Emery Celli Brinckerhoff & Abady LLP in the amount agreed upon within 90 days of the date the Parties reach an agreement, and the Parties shall execute a stipulation for attorneys' fees and costs. Plaintiffs' counsel shall also execute a release and complete a Substitute W-9 form in the amount of their attorneys' fees once agreed to by the Parties and deliver those documents to Defendant's counsel. In the event that the Parties are unable to reach agreement, Plaintiffs will submit a fee application within 60 days of the date of the approval of this Agreement by the Court, to which Defendant may respond within 20 days of such application and Plaintiffs may reply within 14 days of Defendant's response. If the Parties cannot reach an agreement and Plaintiffs submit a fee application to the

Court, Plaintiffs will be considered prevailing parties for purposes of such an application. Defendant reserves all other rights, defenses, and objections to the amount of Plaintiffs' application and Plaintiffs reserve the right to seek all fees and costs incurred up to the date of and through the fee application process, as well as for administration of the settlement and any future enforcement action. The Court shall retain jurisdiction of this matter for the purpose of determining any application for fees and costs made by Plaintiffs. Except as modified in this paragraph, nothing in this Agreement waives or releases Plaintiffs' right to reasonable attorneys' fees and costs.

2.4   Plaintiffs' Individual Settlement Benefit will be subject to deductions for child support and/or tax liens or a lien filed as a judgment, if any, against that particular Plaintiff. Defendants shall provide Plaintiffs' counsel with a list of any deductions taken from the Negotiated Settlement Amount for any child support and/or tax lien or a lien filed as a judgment from a Plaintiff's Individual Settlement Benefit, including the amount of and the reasons for the deduction. Plaintiffs and their counsel will be solely responsible for determining the allocations among Plaintiffs and the distribution of funds.

2.5   Plaintiffs and their counsel, through Emery Celli Brinckerhoff & Abady LLP, will defend, release, and hold Defendant harmless from any and all claims or causes of action arising from Plaintiffs' and/or their counsel's determination of how to distribute the Negotiated Settlement Amount.

2.6   Plaintiffs' counsel shall distribute to each Plaintiff receiving an Individual Settlement Benefit a Miscellaneous Income Form 1099 reflecting the amount paid to the Plaintiff. Each Plaintiff agrees that he or she will be responsible for his or her individual tax liability that may be associated with the payments made to him or her under this Agreement.

2.7   All payments to Plaintiffs shall be deemed to be paid solely in the year in which such payments are actually received by Plaintiffs. It is expressly understood and agreed that the

receipt of such Negotiated Settlement Amount will not entitle any Plaintiff to additional compensation or benefits under any bonus, contest, or other compensation or benefit plan or agreement, nor will it entitle any Plaintiff to any increased retirement or matching benefits, or deferred compensation benefits. It is the intent of this Agreement that the Individual Settlement Benefits provided for in this Agreement are the sole payments to be made to the Plaintiffs, and that the Plaintiffs are not entitled to any new or additional compensation or benefits as a result of having received payment pursuant to this Agreement. Plaintiffs specifically waive entitlement to such benefits and in additional consideration for the mutual covenants made in this Agreement, hereby agree not to bring any further action against Defendant or any retirement or welfare benefit plan maintained by Defendant or any of its affiliates for additional benefits as a result of any additional compensation paid as a result of this Agreement. This Agreement may be used by the Defendant or by any benefit plan or fiduciary thereof as a complete and absolute defense to any such claim.

## III.   RELEASE AND COVENANT NOT TO SUE

**3.1**   Plaintiffs agree that they irrevocably and unconditionally release, acquit and forever discharge the Released Claims and that they will not commence, prosecute or participate in, either as a group or individually, any action on behalf of themselves or any other person, asserting claims against Defendant as barred by and settled pursuant hereto, as set forth in the RECITALS (which have been incorporated fully in this Agreement).

**3.2**   All Plaintiffs shall be deemed to and shall have waived, released, discharged and dismissed all of the Released Claims with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts which are now unknown to them.

**3.3**   To reflect the release and waiver of claims set forth in this Section, all Plaintiffs must execute the document attached hereto as Exhibit "B," entitled "Release of Wage and Hour

8

Claims" as a condition of, and in consideration for, payment of the Individual Settlement Benefit, subject to the terms of Paragraph 1.11. Defendant shall issue payment of the Payment Amount, as defined by paragraph 2.1.

  **3.4**  All Parties are specifically waiving any right to appeal any portion or decision relating to the Litigation, related to the Released Claims, or this Agreement to the District Court for the Southern District of New York or the United States Court of Appeals for the Second Circuit.

  **3.5**  All Parties agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; each Plaintiff affirms that he/she has not been coerced, threatened, or intimidated into agreeing to the terms of this Agreement; and he/she has been advised to consult with an attorney.

  **3.6**  **No Assignment.** Plaintiffs' Counsel and Plaintiffs represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action, and no lien exists thereon.

  **3.7**  **Non-Admission of Liability.** By entering into this Agreement, Defendant in no way admits to any violation of law or any liability whatsoever to Plaintiffs, individually or collectively, all such liability being expressly denied. Rather, Defendant enters into this Agreement to avoid further litigation and to resolve and settle all disputes with Plaintiffs. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute whatsoever.

**IV.**  **DISMISSAL OF CLAIMS**

  **4.1**  Plaintiffs agree to dismissal of all claims asserted in the Litigation against Defendant, with prejudice. The Parties shall submit a Proposed Order to the United States

District Court for the Southern District of New York once this Agreement is executed by both Parties.  This Agreement shall be attached as an Exhibit to the Proposed Order, which shall incorporate the Agreement and all of its terms.  If the Court does not approve the Agreement, this Agreement will no longer have any effect and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

## V.   **MISCELLANEOUS**

**5.1   Parties' Authority.**  The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.  All the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.  The Parties acknowledge that there may be a fairness hearing held in this matter and that Plaintiffs will have the right to voice their objection, if any.

**5.2   Cooperation Between the Parties; Further Acts.**  The Parties shall cooperate fully with each other and shall use their best efforts to ensure that the agreed upon Payment Amount is received by the Named Plaintiff and the Opt-In Plaintiffs.  Each of the Parties, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2   Entire Agreement.**  This Agreement and all attachments constitute the entire Agreement between the Parties.  All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement.

**5.3   Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of the Parties and (A) with respect to Plaintiffs, their representatives, heirs, administrators, executors, beneficiaries, conservators, and assigns, and (B) with respect to Defendant, its present or former owners, stockholders, predecessors, successors, assigns, agents, directors, officers,

10

employees, representatives, attorneys, parents, subsidiaries, divisions, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them.

**5.4** **Arm's Length Transaction; Materiality of Terms.** The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized counsel, and with the assistance of the Court. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

**5.5** **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.6** **Construction.** The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**5.7** **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, to create a full and complete settlement and waiver of claims. To the extent that the law of the United States governs any matter set forth herein, such Federal law shall govern and shall create a full and complete settlement and waiver of claims, as set forth herein (as well as the RECITALS hereto, which have been incorporated fully herein).

**5.8** **Continuing Jurisdiction.** The United States District Court for the Southern District of New York shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby and for the purpose of determining any application for fees and costs made by Plaintiffs.

**5.9**     **Waivers, Modifications or Amendments Must Be in Writing**.  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or in behalf of the Parties and then only to the extent set forth in a written waiver, modification or amendment that refers explicitly to this Agreement.  Failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any other provision(s) of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.10**     **When Agreement Becomes Effective; Counterparts**.  This Agreement shall become effective following its execution and entry of the Dismissal Order by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendant have signed the same instrument.

**5.11**     **Facsimile and Electronic Signatures**.  Any Party may execute this Agreement or the Release attached as Exhibit B by signing on the designated signature block and transmitting that signature page via hand, facsimile or electronically to counsel for the other Party.  Any signature made and transmitted by facsimile or electronically for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or electronically.

**5.12**     **Incorporation of "RECITALS" Clauses**.  The "RECITALS" Clauses set forth above are made an integral part of this Agreement.

**5.13**     **Fair and Reasonable Settlement**.  The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation.  The Parties also agree that there was no undue influence, duress,

12

overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

    **5.14**    **Third-Party Beneficiaries**.   The rights, duties and obligations set out in this Agreement shall be binding upon, and inure to the benefit of, only the Parties to this Agreement and their respective current and former partners, members, officers, directors, trustees, shareholders, employees, counsel and agents and successors, including, but not limited to, any rehabilitator, receiver, conservator, liquidator, trustee or other statutory successor and quasi-statutory successor.   No person or entity that is not expressly a Party to this Agreement has, or shall have, any rights as a beneficiary or a third-party beneficiary of this Agreement.

13

5.15   <u>Return of Documents.</u>  Within ninety (90) days of the Court's entry of an Order finally approving this Agreement, all originals and copies of "Confidential Matter" and all originals and copies of excerpts thereof shall be returned to the producing party or be destroyed at the option of the producing party, pursuant to Paragraph 12 of the Parties' Stipulation and Protective Order Concerning Confidential Information filed with the Court on March 15, 2012.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

EMERY CELLI BRINCKHERHOFF
& ABADY LLP
 75 Rockefeller Plaza, 20th Floor
 New York, NY 10019
 (212) 763-5000

By: _____
 Andrew G. Celli, Jr.
 Elizabeth Saylor
 Adam R. Pulver




Dated: _Feb. 13_, 2013

ATTORNEYS FOR PLAINTIFFS

CORPORATION COUNSEL OF
CITY OF NEW YORK
 100 Church Street, Rm. 2-142
 New York, New York 10007
 (212) 788-0872

By: _____
 Blanche Greenfield
 Senior Counsel


By: _____
 Diana Goell Voigt
 Senior Counsel

Dated: _Feb 14_, 2013

ATTORNEYS FOR DEFENDANT

Exhibit "A"
## Plaintiffs' Individual Settlement Benefit

| Plaintiff | Disbursement |
|---|---|
| Ambery, William | $1,092.62 |
| Barry, John | $12,942.70 |
| Barry, Patrick, Jr. | $1,516.87 |
| Beecher, Xanthe | $402.08 |
| Blondo, Michael | $23,477.45 |
| Chew, Carolyn | $6,450.83 |
| Clair, Raymond | $7,675.32 |
| Cuevas, Johnny | $3,928.30 |
| Creegan, Peter | $26,681.30 |
| Curry, Thomas | $5,367.37 |
| Darino, John | $4,993.99 |
| DeFranco, Gregory | $9,130.12 |
| DelPrete, Donald, Jr. | $695.75 |
| Flanagan, John | $5,287.73 |
| Garrity, Todd | $19,317.52 |
| Girdusky, John | $3,260.76 |
| Hemmer, James | $5,425.72 |
| Hutchinson, Henderson | $655.57 |
| Kaplan, Steven | $1,204.06 |
| Marotta, Joseph | $480.75 |
| Martinez, Jose | $23,569.77 |
| Moglia, John | $14,597.40 |
| Mucciaccio, Joseph | $388.94 |
| Mulrooney, Michael | $16,524.78 |
| Padilla, Anthony | $4,866.05 |
| Procino, Vincent | $0.00 |
| Ruiz, Angel | $6,106.36 |
| Sanchez, Manuel | $3,889.40 |
| Taccetta, Michael | $4,894.48 |
| Tom, Raymond | $14,175.55 |
| Watson, David | $3,500.46 |
| **TOTAL** | **$232,500.00** |

Exhibit "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

JOHN BARRY, on behalf of himself and all others
similarly situated,

                                        Plaintiffs,

     -against-                                                    11 Civ. 9003 (SAS)

THE CITY OF NEW YORK,

                                        Defendant.

------------------------------------------------------------------x

## Release of Wage and Hour Claims

        I have read the terms and conditions set forth in the Settlement Agreement and Release
("Settlement Agreement") and understand that by executing this document and in exchange for my
Individual Settlement Benefit in the amount of $_____, in liquidated damages, I, for myself,
and my spouse and family, attorneys, agents, executors, administrators, personal representatives, heirs,
successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the
"Releasors"), voluntarily and with the advice of counsel, fully and forever release, acquit, and discharge
the Defendant (the "Releasee"), from any and all claims, asserted in this lawsuit arising up to and
including the date of the execution of this Agreement for the time period Plaintiffs were employed as
detectives by the City of New York ("Released Claims"). The Released Claims, however, do *not* include
the grievance and request for arbitration filed by the Detective Endowment Association of the City of
New York on or about March 3, 2010, OLR #2010-00156 and Docket No. A-14097-12, concerning
claims pursuant to the Parties' Collective Bargaining Agreement alleging that certain detectives, including
certain of the Plaintiffs herein, were not paid the correct amount of overtime compensation for overtime
hours worked in excess of the FLSA compensatory time cap of 480 hours. The Plaintiffs, as individual
litigants, however, are barred from filing a state or federal lawsuit seeking additional overtime
compensation and/or liquidated damages arising from that arbitration, and any overtime compensation
that may be awarded herefrom, but Plaintiffs may be participants in any proceeding or action brought by
the Detective Endowment Association of the City of New York concerning that arbitration.


_____
Print Name

_____
Signature

STATE OF NEW YORK, COUNTY OF _____ _____ _____ SS.:

On the ____ _____ day of, _____ 2013 to me known, and known to me personally came
to me known, and known to me to be the individual(s) described in, and who executed the foregoing
RELEASE, and duly acknowledged to me that she executed the same.
Notary Public:


_____ _____ _____ _____ _____ ____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOHN BARRY, on behalf of himself and all others similarly
situated,

                          Plaintiffs,

     -against-

THE CITY OF NEW YORK,

                        Defendant.

------------------------------------------------------------------------x

No. 11 Civ. 9003 (SAS)

**STIPULATION OF
SETTLEMENT
AND DISCONTINUANCE
OF JAMES P. FOGARTY'S
CLAIMS**

        **WHEREAS**, on December 9, 2011, the Named Plaintiff filed a collective action

complaint against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA"), alleging that Defendant failed to pay, or failed to timely pay to the Named Plaintiff

and to all other individuals who purportedly are or were similarly situated to the Named Plaintiff

during the relevant time period for certain overtime hours worked in excess of 480 hours of

compensatory time in cash, as required by law;

        **WHEREAS**, subsequent to the commencement of this action, in January 2012,

Defendant claims to have paid any and all unpaid wages owed to the Named Plaintiff and other

affected individuals due to the Defendant's alleged failure to pay in cash overtime hours worked

in excess of 480 hours of compensatory time. This Stipulation of Settlement and Discontinuance

does not provide for the payment of back wages but only for the payment of liquidated damages;

        **WHEREAS**, notice pursuant to 29 U.S.C. § 216(b) was sent to certain persons

who were currently or formerly employed by Defendant as a Detective between January 1, 2008

and the mailing of such notices on June 12, 2012 and June 29, 2012;

        **WHEREAS**, in addition to the Named Plaintiff, 30 individuals joined the case as

Opt-In Plaintiffs pursuant to 29 U.S.C. § 216(b) ("Opt-In Plaintiffs") by filing with the Court

consent forms to join the case, and the consent forms specifically designated Emery Celli Brinckerhoff & Abady LLP to represent them;

WHEREAS, Plaintiffs and Defendant (hereinafter collectively referred to as the "Parties") agreed to settle the matters in dispute between and among them pursuant to the terms of an Settlement Agreement, fully executed by the Parties on February 15, 2013 ("Agreement"). A copy of the Agreement is annexed hereto as Exhibit "A." Specifically, the Parties and their counsel considered that the interests of all concerned are best served by compromise, settlement and dismissal of the Plaintiffs' claims with prejudice.  The Parties concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests; and

WHEREAS, the Parties, through their counsel, sought and received judicial approval of the Agreement on April 24, 2013;

WHEREAS, the parties will submit an Order of Dismissal of Prejudice of this FLSA action to the Court;

WHEREAS, James P. Fogarty submitted an Consent to Join form to plaintiffs' counsel on July 24, 2012, which due to law firm administrative error was not submitted to the Court with the other plaintiffs who timely filed consents to opt in to this collective action;

WHEREAS. plaintiffs' counsel notified defendants of Plaintiff's Fogarty late consent to join form on March 29, 2013;

WHEREAS, Defendant denies and continues to deny all of the allegations made by the Named Plaintiff in this FLSA collective action, whether on behalf of himself or the Opt-In Plaintiffs, including the allegations of plaintiff Fogarty, and denies and continues to deny that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the FLSA collective action; and

2

**WHEREAS** defendants have now agreed to allow plaintiff Fogarty to opt in to this collective action and the parties have agreed to settle plaintiff Fogarty's claims as set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. Any and all claims asserted in this FLSA collective action by or on behalf of Opt-In-Plaintiff James P. Fogarty, are hereby discontinued, with prejudice and without costs, expenses, or fees in excess of the amounts specified below. Plaintiff Fogarty agrees to execute a release, which is annexed hereto as Exhibit "B" of the same form and content executed by the Named Plaintiff and 29 other Opt-In plaintiffs.

2. The City of New York hereby agrees to pay plaintiff Fogarty the sum of Nine Thousand and Two Hundred Twenty-seven Dollars and Sixty-eight Cents ($9,227.68) in liquidated damages ("Fogarty Settlement Amount"), in full satisfaction of plaintiff Fogarty's FLSA claims as set forth in the Agreement and agrees to be otherwise bound by all of the terms and conditions set forth in the Agreement executed on February 14, 2013 and approved by the Court on April 24, 2013.

3. In consideration for the payment of the Fogarty Settlement Amount, plaintiff Fogarty agrees to be bound by all of the terms and conditions set forth in the Agreement executed on February 14, 2013 and approved by the Court on April 24, 2013.

4. Plaintiff Fogarty and the defendant agree that this Stipulation of Settlement and Discontinuance and the payment called for by this Stipulation of Settlement and Discontinuance is a fair and reasonable, and that the payment and the other terms of this Stipulation of Settlement and Discontinuance and the Agreement constitute a fair and reasonable settlement of the claims asserted by plaintiff Fogarty in this FLSA collective action. The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in

3

reaching this Agreement, and that both parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Stipulation of Settlement and Discontinuance before agreeing to sign it.

5. The parties agree that this Stipulation of Settlement and Discontinuance shall be submitted to the Court for approval and that in the event the proposed settlement contained in this Stipulation of Settlement and Discontinuance does not become effective in accordance with the terms hereof, is not finally approved, is terminated, cancelled or fails to become effective for any reason, this Stipulation of Settlement and Discontinuance will no longer have any effect and the parties will revert to their respective positions as of the date and time immediately prior to the execution of this Stipulation of Settlement and Discontinuance.

IN WITNESS WHEREOF, the undersigned have duly executed this Stipulation of Settlement and Discontinuance as of the date indicated below:

EMERY CELLI BRINCKHERHOFF
& ABADY LLP
   75 Rockefeller Plaza, 20th Floor
   New York, NY 10019
   (212) 763-5000

By: _____
   Andrew G. Celli, Jr.
   Elizabeth Saylor
   Adam R. Pulver


CORPORATION COUNSEL OF
CITY OF NEW YORK
   100 Church Street, Rm. 2-142
   New York, New York 10007
   (212) 788-0872

By: _____
   Diana Goell Voigt
   Senior Counsel


Dated: May 17, 2013

ATTORNEYS FOR PLAINTIFFS

Dated: May 17, 2013

ATTORNEYS FOR DEFENDANT

SO ORDERED:

_____
U.S.D.J.

4

Exhibit "A"

[Fully Executed Settlement Agreement submitted to the Court and Approved on April 24, 2013]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JOHN BARRY, on behalf of himself and all others similarly
situated,

                              Plaintiffs,

    -against-

THE CITY OF NEW YORK,

                            Defendant.

-------------------------------------------------------------------x

No. 11 Civ. 9003 (SAS)

**SETTLEMENT AGREEMENT
AND RELEASE**

        This Settlement Agreement and Release ("Agreement"), is hereby entered into by and between John Barry ("Named Plaintiff") and the individuals who have opted into this action pursuant to 29 U.S.C. § 216(b) ("Opt-In Plaintiffs") (collectively referred to herein as "Plaintiffs"), and the City of New York on behalf of itself and all New York City departments, commissions, agencies, related entities, predecessors, successors, trustees, officers, directors and employees, agents, employee benefit plans and the trustees, administrators, and fiduciaries of such plans (hereinafter collectively referred to as "Defendant"), and is based on the following:

**I.     <u>RECITALS</u>**

        WHEREAS, on December 9, 2011, the Named Plaintiff filed a collective action complaint against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), alleging that Defendant failed to pay, or failed to timely pay to the Named Plaintiff and to all other individuals who purportedly are or were similarly situated to the Named Plaintiff during the relevant time period for certain overtime hours worked in excess of 480 hours of compensatory time in cash, as required by law;

        WHEREAS, subsequent to the commencement of this action, in January 2012, Defendant claims to have paid any and all unpaid wages owed to the Named Plaintiff and other affected individuals due to the Defendant's alleged failure to pay in cash overtime hours worked

in excess of 480 hours of compensatory time. This Agreement does not provide for the payment of back wages but only for the payment of liquidated damages;

WHEREAS, notice pursuant to 29 U.S.C. § 216(b) was sent to certain persons who were currently or formerly employed by Defendant as a Detective between January 1, 2008 and the mailing of such notices on June 12, 2012 and June 29, 2012;

WHEREAS, in addition to the Named Plaintiff, 30 individuals joined the case as Opt-In Plaintiffs by filing with the Court consent forms to join the case, and the consent forms specifically designated Emery Celli Brinckerhoff & Abady LLP to represent them;

WHEREAS, Defendant denies and continues to deny all of the allegations made by the Named Plaintiff in the Litigation, whether on behalf of himself or the Opt-In Plaintiffs, and denies and continues to deny that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, Plaintiffs and Defendant (hereinafter collectively referred to as the "Parties") have agreed to settle the matters in dispute between and among them pursuant to the terms of this Agreement. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of the Plaintiffs' claims with prejudice. The Parties have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests; and

WHEREAS, the Parties, through their counsel, will seek judicial approval of this Agreement. In the event the proposed settlement contained in this Agreement does not become effective in accordance with the terms hereof, is not finally approved, is terminated, cancelled or fails to become effective for any reason, this Agreement will no longer have any effect and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement;

2

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## I.    DEFINITIONS

The terms set forth below shall be defined as follows:

**1.1    Plaintiffs.**  "Named Plaintiff" shall mean JOHN BARRY.  "Opt-In Plaintiffs" shall mean the thirty (30) individuals who consented to join this action pursuant to Section 16(b) of the FLSA, a list of whom is appended hereto as Exhibit "A."  Named Plaintiff and Opt-in Plaintiffs shall be referred to collectively as "Plaintiffs."

**1.2    Plaintiffs' Counsel.** "Plaintiffs' Counsel" shall mean Emery Celli Brinckerhoff & Abady LLP, 75 Rockefeller Plaza, 20th Floor, New York, New York 10019, by Andrew G. Celli, Jr., Elizabeth S. Saylor, and Adam R. Pulver.

**1.3    Defendant.** "Defendant" shall mean THE CITY OF NEW YORK on behalf of itself and all New York City departments, commissions, agencies, related entities, predecessors, successors, trustees, officers, directors and employees, agents, employee benefit plans and the trustees, administrators, and fiduciaries of such plans (collectively referred to as "Defendant").

**1.4    Defendant's Counsel.** "Defendant's Counsel" shall mean Michael A. Cardozo, Corporation Counsel of the City of New York, by Senior Counsel Diana Goell Voigt, Blanche Greenfield, and William Ng, 100 Church Street, 2nd Floor, New York, New York 10007.

**1.5    Parties.** "Parties" shall mean and refer to the Named Plaintiff, the Opt-In Plaintiffs, and Defendant.

**1.6    The Litigation.** "The Litigation" shall refer to the lawsuit known as *John Barry v. The City of New York*, No. 11 Civ. 9003 (SAS) (S.D.N.Y.).

3

**1.7** **Negotiated Settlement Amount.** "Negotiated Settlement Amount" shall mean the total of Two Hundred Thirty Two Thousand Five Hundred Dollars ($232,500.00).

**1.8** **Release of Claims.**

Plaintiffs for themselves, attorneys (if any), agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), voluntarily and with the advice of counsel, fully and forever release, acquit, and discharge Defendant, its present or former officers, directors, subsidiaries, affiliates, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, successors and assigns, and any or all of them and all persons acting by, through, under, or in concert with any of them (collectively, the "Releasee"), in their personal, individual, official and/or corporate capacities, from any and all claims, asserted in this lawsuit arising up to and including the date of the execution of this Agreement for the time period Plaintiffs were employed as detectives by the City of New York ("Released Claims"). The Released Claims, however, do *not* include the grievance and request for arbitration filed by the Detective Endowment Association of the City of New York ("DEA") on or about March 3, 2010, OLR #2010-00156 and Docket No. A-14097-12, concerning claims pursuant to the Collective Bargaining Agreement by and between the DEA and the City of New York, alleging that certain detectives, including certain of the Plaintiffs herein, were not paid the correct amount of overtime compensation for overtime hours worked in excess of the FLSA compensatory time cap of 480 hours. The Plaintiffs, as individual litigants, however, are barred from filing a state or federal lawsuit seeking additional overtime compensation and/or liquidated damages arising from that arbitration, and any overtime compensation that may be awarded herefrom, but Plaintiffs may be participants in any proceeding brought by the DEA concerning that arbitration.

**1.9** **Settlement.** "Settlement" shall mean the terms of settlement of the Litigation, which is embodied fully in this Agreement.

**1.10** **Individual Settlement Benefit.** Each Plaintiff shall receive an Individual Settlement Benefit to be paid from the Negotiated Settlement Amount, reflecting an amount of liquidated damages, unless he or she refuses to execute a release as set forth in paragraph 1.11 below. The amount of liquidated damages, payable as an Individual Settlement Benefit, has been determined by Plaintiffs' counsel and is set forth in Exhibit A. Defendant may deduct from an individual Plaintiff's Individual Settlement Benefit the amount that Defendant determines that Plaintiff owes for child support and/or tax liens or a lien filed as a judgment.

**1.11** If any Plaintiff refuses to submit a signed Opt-In Plaintiff's Release of Wage and Hour Claims Form (as defined below), that Plaintiffs' Individual Settlement Benefit, as indicated on Exhibit A, shall revert to Defendant. That Plaintiffs' claims shall be dismissed without prejudice and the statute of limitations on that Plaintiffs' claims shall remain tolled for sixty ("60") days from the date of the dismissal. Plaintiffs' counsel shall promptly advise Defendant's counsel no later than thirty (30) days after the Court approves this Agreement of the identity of any Plaintiffs who will not execute a release.

## II.   PAYMENT AND DISTRIBUTION

**2.1** In consideration for the terms, conditions and promises in this Agreement, Defendant shall, in accordance with paragraphs 2.2 and 2.3, pay or cause to be paid to Plaintiffs Two Hundred Thirty-Two Thousand Five Hundred Dollars ($232,500.00) less any deductions made from an individual Plaintiff's Individual Settlement Benefit for any child support and/or tax liens or a lien filed as a judgment against that particular Plaintiff and less any reversions due to paragraph 1.11 to resolve all claims asserted in this case ("the Payment Amount"). The Payment Amount is agreed to among the Parties to compromise, settle, and satisfy the Released Claims and liquidated damages related to the Released Claims.

**2.2** Within thirty (30) days of the date that the Court enters an Order finally approving this Agreement, the Plaintiffs shall tender, by overnight mail, e-mail attachment or hand-

delivery, to Defendant's attorney, a release executed by each Plaintiff (a copy of which is contained in Exhibit "B"). Defendant shall make best efforts to issue payment, within ninety calendar days (90) of the date on which Defendant receives all executed releases and confirmation by Plaintiffs' counsel of the Plaintiffs who will not execute releases, by providing a check for the Payment Amount to Plaintiffs' law firm, Emery Celli Brinckerhoff & Abady LLP, as specified in paragraph 2.1. Should Defendant fail to tender payment within ninety days (90) days of the date of tender of the paperwork described in this paragraph, interest shall accrue on whatever amount that remains unpaid, in accordance with NY CPLR § 5003 from the date of tender until the date that payment is made.

    **2.3**    The Defendant shall pay to Plaintiffs' counsel Plaintiffs' reasonable attorneys' fees and costs, in addition to the Payment Amount set forth in paragraph 2.1. The Parties are negotiating a resolution of the amount of Plaintiffs' claim for attorneys' fees and expenses. Plaintiffs will provide Defendant with a copy of their contemporaneous records documenting their fees and costs within 14 days of the execution by both Parties of this Agreement to assist the Parties in attempting to resolve the amount of reasonable attorneys' fees and costs that the Defendant will agree to pay. In the event an agreement is reached, Defendant shall provide Plaintiffs' counsel with a separate check payable to Emery Celli Brinckerhoff & Abady LLP in the amount agreed upon within 90 days of the date the Parties reach an agreement, and the Parties shall execute a stipulation for attorneys' fees and costs. Plaintiffs' counsel shall also execute a release and complete a Substitute W-9 form in the amount of their attorneys' fees once agreed to by the Parties and deliver those documents to Defendant's counsel. In the event that the Parties are unable to reach agreement, Plaintiffs will submit a fee application within 60 days of the date of the approval of this Agreement by the Court, to which Defendant may respond within 20 days of such application and Plaintiffs may reply within 14 days of Defendant's response. If the Parties cannot reach an agreement and Plaintiffs submit a fee application to the

Court, Plaintiffs will be considered prevailing parties for purposes of such an application. Defendant reserves all other rights, defenses, and objections to the amount of Plaintiffs' application and Plaintiffs reserve the right to seek all fees and costs incurred up to the date of and through the fee application process, as well as for administration of the settlement and any future enforcement action.   The Court shall retain jurisdiction of this matter for the purpose of determining any application for fees and costs made by Plaintiffs.   Except as modified in this paragraph, nothing in this Agreement waives or releases Plaintiffs' right to reasonable attorneys' fees and costs.

2.4     Plaintiffs' Individual Settlement Benefit will be subject to deductions for child support and/or tax liens or a lien filed as a judgment, if any, against that particular Plaintiff. Defendants shall provide Plaintiffs' counsel with a list of any deductions taken from the Negotiated Settlement Amount for any child support and/or tax lien or a lien filed as a judgment from a Plaintiff's Individual Settlement Benefit, including the amount of and the reasons for the deduction.   Plaintiffs and their counsel will be solely responsible for determining the allocations among Plaintiffs and the distribution of funds.

2.5     Plaintiffs and their counsel, through Emery Celli Brinckerhoff & Abady LLP, will defend, release, and hold Defendant harmless from any and all claims or causes of action arising from Plaintiffs' and/or their counsel's determination of how to distribute the Negotiated Settlement Amount.

2.6     Plaintiffs' counsel shall distribute to each Plaintiff receiving an Individual Settlement Benefit a Miscellaneous Income Form 1099 reflecting the amount paid to the Plaintiff.   Each Plaintiff agrees that he or she will be responsible for his or her individual tax liability that may be associated with the payments made to him or her under this Agreement.

2.7     All payments to Plaintiffs shall be deemed to be paid solely in the year in which such payments are actually received by Plaintiffs.   It is expressly understood and agreed that the

7

receipt of such Negotiated Settlement Amount will not entitle any Plaintiff to additional compensation or benefits under any bonus, contest, or other compensation or benefit plan or agreement, nor will it entitle any Plaintiff to any increased retirement or matching benefits, or deferred compensation benefits. It is the intent of this Agreement that the Individual Settlement Benefits provided for in this Agreement are the sole payments to be made to the Plaintiffs, and that the Plaintiffs are not entitled to any new or additional compensation or benefits as a result of having received payment pursuant to this Agreement. Plaintiffs specifically waive entitlement to such benefits and in additional consideration for the mutual covenants made in this Agreement, hereby agree not to bring any further action against Defendant or any retirement or welfare benefit plan maintained by Defendant or any of its affiliates for additional benefits as a result of any additional compensation paid as a result of this Agreement. This Agreement may be used by the Defendant or by any benefit plan or fiduciary thereof as a complete and absolute defense to any such claim.

## III.    RELEASE AND COVENANT NOT TO SUE

**3.1**    Plaintiffs agree that they irrevocably and unconditionally release, acquit and forever discharge the Released Claims and that they will not commence, prosecute or participate in, either as a group or individually, any action on behalf of themselves or any other person, asserting claims against Defendant as barred by and settled pursuant hereto, as set forth in the RECITALS (which have been incorporated fully in this Agreement).

**3.2**    All Plaintiffs shall be deemed to and shall have waived, released, discharged and dismissed all of the Released Claims with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts which are now unknown to them.

**3.3**    To reflect the release and waiver of claims set forth in this Section, all Plaintiffs must execute the document attached hereto as Exhibit "B," entitled "Release of Wage and Hour

Claims" as a condition of, and in consideration for, payment of the Individual Settlement Benefit, subject to the terms of Paragraph 1.11. Defendant shall issue payment of the Payment Amount, as defined by paragraph 2.1.

**3.4**    All Parties are specifically waiving any right to appeal any portion or decision relating to the Litigation, related to the Released Claims, or this Agreement to the District Court for the Southern District of New York or the United States Court of Appeals for the Second Circuit.

**3.5**    All Parties agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; each Plaintiff affirms that he/she has not been coerced, threatened, or intimidated into agreeing to the terms of this Agreement; and he/she has been advised to consult with an attorney.

**3.6**    **No Assignment.** Plaintiffs' Counsel and Plaintiffs represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action, and no lien exists thereon.

**3.7**    **Non-Admission of Liability.** By entering into this Agreement, Defendant in no way admits to any violation of law or any liability whatsoever to Plaintiffs, individually or collectively, all such liability being expressly denied.   Rather, Defendant enters into this Agreement to avoid further litigation and to resolve and settle all disputes with Plaintiffs. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute whatsoever.

## IV.    DISMISSAL OF CLAIMS

**4.1**    Plaintiffs agree to dismissal of all claims asserted in the Litigation against Defendant, with prejudice.   The Parties shall submit a Proposed Order to the United States

9

District Court for the Southern District of New York once this Agreement is executed by both Parties. This Agreement shall be attached as an Exhibit to the Proposed Order, which shall incorporate the Agreement and all of its terms. If the Court does not approve the Agreement, this Agreement will no longer have any effect and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

## V.   **MISCELLANEOUS**

**5.1   Parties' Authority.** The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof. All the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement. The Parties acknowledge that there may be a fairness hearing held in this matter and that Plaintiffs will have the right to voice their objection, if any.

**5.2   Cooperation Between the Parties; Further Acts.** The Parties shall cooperate fully with each other and shall use their best efforts to ensure that the agreed upon Payment Amount is received by the Named Plaintiff and the Opt-In Plaintiffs. Each of the Parties, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2   Entire Agreement.** This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement.

**5.3   Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties and (A) with respect to Plaintiffs, their representatives, heirs, administrators, executors, beneficiaries, conservators, and assigns, and (B) with respect to Defendant, its present or former owners, stockholders, predecessors, successors, assigns, agents, directors, officers,

employees, representatives, attorneys, parents, subsidiaries, divisions, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them.

**5.4     Arm's Length Transaction; Materiality of Terms.**  The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized counsel, and with the assistance of the Court.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

**5.5     Captions.**  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.6     Construction.**  The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties.  Therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**5.7     Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, to create a full and complete settlement and waiver of claims.  To the extent that the law of the United States governs any matter set forth herein, such Federal law shall govern and shall create a full and complete settlement and waiver of claims, as set forth herein (as well as the RECITALS hereto, which have been incorporated fully herein).

**5.8     Continuing Jurisdiction.**  The United States District Court for the Southern District of New York shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby and for the purpose of determining any application for fees and costs made by Plaintiffs.

**5.9**      **Waivers, Modifications or Amendments Must Be in Writing.**   No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or in behalf of the Parties and then only to the extent set forth in a written waiver, modification or amendment that refers explicitly to this Agreement.   Failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any other provision(s) of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.10**      **When Agreement Becomes Effective; Counterparts.**   This Agreement shall become effective following its execution and entry of the Dismissal Order by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendant have signed the same instrument.

**5.11**      **Facsimile and Electronic Signatures.**   Any Party may execute this Agreement or the Release attached as Exhibit B by signing on the designated signature block and transmitting that signature page via hand, facsimile or electronically to counsel for the other Party.   Any signature made and transmitted by facsimile or electronically for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or electronically.

**5.12**      **Incorporation of "RECITALS" Clauses.**   The "RECITALS" Clauses set forth above are made an integral part of this Agreement.

**5.13**      **Fair and Reasonable Settlement.**   The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation.   The Parties also agree that there was no undue influence, duress,

12

overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

     **5.14**    **Third-Party Beneficiaries**.  The rights, duties and obligations set out in this Agreement shall be binding upon, and inure to the benefit of, only the Parties to this Agreement and their respective current and former partners, members, officers, directors, trustees, shareholders, employees, counsel and agents and successors, including, but not limited to, any rehabilitator, receiver, conservator, liquidator, trustee or other statutory successor and quasi-statutory successor.  No person or entity that is not expressly a Party to this Agreement has, or shall have, any rights as a beneficiary or a third-party beneficiary of this Agreement.

**5.15   Return of Documents.**  Within ninety (90) days of the Court's entry of an Order finally approving this Agreement, all originals and copies of "Confidential Matter" and all originals and copies of excerpts thereof shall be returned to the producing party or be destroyed at the option of the producing party, pursuant to Paragraph 12 of the Parties' Stipulation and Protective Order Concerning Confidential Information filed with the Court on March 15, 2012.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

EMERY CELLI BRINCKHERHOFF
& ABADY LLP
    75 Rockefeller Plaza, 20th Floor
    New York, NY 10019
    (212) 763-5000

By: _____
    Andrew G. Celli, Jr.
    Elizabeth Saylor
    Adam R. Pulver

CORPORATION COUNSEL OF
CITY OF NEW YORK
    100 Church Street, Rm. 2-142
    New York, New York 10007
    (212) 788-0872

By: _____
    Blanche Greenfield
    Senior Counsel

By: _____
    Diana Goell Voigt
    Senior Counsel

Dated: _Feb. 13_, 2013

Dated: _Feb. 14_, 2013

ATTORNEYS FOR PLAINTIFFS

ATTORNEYS FOR DEFENDANT

14

Exhibit "A"
## Plaintiffs' Individual Settlement Benefit

| Plaintiff | Disbursement |
|---|---|
| Ambery, William | $1,092.62 |
| Barry, John | $12,942.70 |
| Barry, Patrick, Jr. | $1,516.87 |
| Beecher, Xanthe | $402.08 |
| Blondo, Michael | $23,477.45 |
| Chew, Carolyn | $6,450.83 |
| Clair, Raymond | $7,675.32 |
| Cuevas, Johnny | $3,928.30 |
| Creegan, Peter | $26,681.30 |
| Curry, Thomas | $5,367.37 |
| Darino, John | $4,993.99 |
| DeFranco, Gregory | $9,130.12 |
| DelPrete, Donald, Jr. | $695.75 |
| Flanagan, John | $5,287.73 |
| Garrity, Todd | $19,317.52 |
| Girdusky, John | $3,260.76 |
| Hemmer, James | $5,425.72 |
| Hutchinson, Henderson | $655.57 |
| Kaplan, Steven | $1,204.06 |
| Marotta, Joseph | $480.75 |
| Martinez, Jose | $23,569.77 |
| Moglia, John | $14,597.40 |
| Mucciaccio, Joseph | $388.94 |
| Mulrooney, Michael | $16,524.78 |
| Padilla, Anthony | $4,866.05 |
| Procino, Vincent | $0.00 |
| Ruiz, Angel | $6,106.36 |
| Sanchez, Manuel | $3,889.40 |
| Taccetta, Michael | $4,894.48 |
| Tom, Raymond | $14,175.55 |
| Watson, David | $3,500.46 |
| **TOTAL** | **$232,500.00** |

Exhibit "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

JOHN BARRY, on behalf of himself and all others
similarly situated,

                             Plaintiffs,

   -against-

                                        11 Civ. 9003 (SAS)

THE CITY OF NEW YORK,

                         Defendant.

------------------------------------------------------------x

### Release of Wage and Hour Claims

        I have read the terms and conditions set forth in the Settlement Agreement and Release ("Settlement Agreement") and understand that by executing this document and in exchange for my Individual Settlement Benefit in the amount of \$_____, in liquidated damages, I, for myself, and my spouse and family, attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), voluntarily and with the advice of counsel, fully and forever release, acquit, and discharge the Defendant (the "Releasee"), from any and all claims, asserted in this lawsuit arising up to and including the date of the execution of this Agreement for the time period Plaintiffs were employed as detectives by the City of New York ("Released Claims"). The Released Claims, however, do *not* include the grievance and request for arbitration filed by the Detective Endowment Association of the City of New York on or about March 3, 2010, OLR #2010-00156 and Docket No. A-14097-12, concerning claims pursuant to the Parties' Collective Bargaining Agreement alleging that certain detectives, including certain of the Plaintiffs herein, were not paid the correct amount of overtime compensation for overtime hours worked in excess of the FLSA compensatory time cap of 480 hours. The Plaintiffs, as individual litigants, however, are barred from filing a state or federal lawsuit seeking additional overtime compensation and/or liquidated damages arising from that arbitration, and any overtime compensation that may be awarded herefrom, but Plaintiffs may be participants in any proceeding or action brought by the Detective Endowment Association of the City of New York concerning that arbitration.

_____

Print Name

_____

Signature

STATE OF NEW YORK, COUNTY OF _____  SS.:

On the _____ _____ day of, _____ 2013 to me known, and known to me personally came
to me known, and known to me to be the individual(s) described in, and who executed the foregoing
RELEASE, and duly acknowledged to me that she executed the same.
Notary Public:

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHN BARRY, on behalf of himself and all others
similarly situated,

           Plaintiff,

    -against-          11 CV 9003 (SAS)

THE CITY OF NEW YORK,

           Defendant.
------------------------------------------------------------------------ x

## SETTLEMENT AGREEMENT

    This Settlement Agreement ("Agreement") is made and entered into by and among the

plaintiffs in the above-captioned cases and Defendant the City of New York on behalf of

themselves and all other New York City departments, commissions, agencies, related entities,

predecessors, successors, trustees, officers, directors and employees, agents, employee benefit

plans and the trustees, administrators, and fiduciaries (hereinafter collectively referred to herein

as "Defendant"), and resolves the issues and claims related to attorneys' fees and costs with

respect to plaintiffs' law firm Emery Celli Brinckerhoff & Abady LLP ("Emery Celli") in

accordance with the terms of this settlement agreement entered between the parties.

    Defendant shall tender payment to the law firm Emery Celli the amount of $100,987.95

representing full payment for all attorneys' fees and costs claimed due and owing by plaintiffs

for work done by Emery Celli.  Defendant shall provide plaintiffs' counsel Emery Celli with a

check, made payable to Emery Celli, in this amount within 90 days of defendants' counsels'

receipt of all documents necessary to effect settlement of this claim, including a release based on

the terms of this agreement and a substitute W-9 completed by Emery Celli.

In consideration for such payment, plaintiffs' claims for attorneys' fees and costs for work performed in the above-captioned case by the law firm of Emery Celli are hereby resolved and Emery Celli and plaintiffs release defendant for all claims for attorneys' fees and costs in the above-captioned case, and stipulates that the plaintiffs' claims for attorneys' fees are hereby resolved by compliance with the terms of this settlement.  The Parties shall so inform the Honorable Judge Scheindlin that such claims are resolved and that she shall have continuing jurisdiction to resolve any disputes that may arise from this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement

as of the date indicated below:

Dated:      New York, New York
            June 5, 2013

EMERY CELLI BRINCKERHOFF &          MICHAEL A. CARDOZO
ABADY LLP                           Corporation Counsel of the City of New York
Attorneys for Plaintiffs            Attorney for Defendant
75 Rockefeller Plaza, 20th Floor    100 Church Street, Room 2-102
New York, New York 10019            New York, NY 10007
Tel: (212) 763-5000                 Tel: (212) 788-8285

By: _____          By: _____
    Andrew G. Celli, Esq.                Kathryn E. Leone
    Elizabeth Saylor, Esq.               Assistant Corporation Counsel
    Adam Pulver, Esq.

3